NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NELS LESLIE MADSEN, *Appellant.*

No. 1 CA-CR 15-0478
FILED 03-22-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400538
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

---

**J O H N S E N**, Judge:

¶1　　　　This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Nels Leslie Madsen's convictions of possession of dangerous drugs (methamphetamine), a Class 4 felony, and possession of drug paraphernalia, a Class 6 felony. Madsen's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Madsen was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Madsen's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Officers responded at Madsen's residence after receiving a domestic violence call from Madsen's daughter.[1] After officers arrived, Madsen's daughter gave them a bag of drugs she said she saw Madsen put under his mattress. She also told officers she suspected there was drug paraphernalia in the garage. After seeing the paraphernalia and speaking further with Madsen's daughter, officers obtained and executed a search warrant and seized a stone slab, a plastic bag with residue that tested positive for methamphetamine, a pipe, foil, burnt pen tubes, a plastic gift card with residue and a spoon with burnt residue.

¶3　　　　A jury convicted Madsen of possession of dangerous drugs (methamphetamine) and possession of drug paraphernalia (methamphetamine). The superior court sentenced him to concurrent

---

[1]　　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Madsen. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

sentences of incarceration, the longest of which is six years, with 99 days of presentence incarceration credit.

**¶4**         Madsen timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016).[2]

## DISCUSSION

**¶5**         The record reflects Madsen received a fair trial.  He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.  The court held appropriate pretrial hearings.  Pursuant to Arizona Rule of Evidence 609, the court held a hearing on Madsen's prior convictions and issued a proper order concerning how they were to be referred to at trial.  It did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Madsen's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

**¶6**         The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members with one alternate.  The court properly instructed the jury on the elements of the charges.  The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were properly given.  The jury returned a unanimous verdict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Madsen was convicted.

## CONCLUSION

**¶7**         We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences.  *See Leon*, 104 Ariz. at 300.

**¶8**         After the filing of this decision, defense counsel's obligations pertaining to Madsen's representation in this appeal have ended.  Defense counsel need do no more than inform Madsen of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for

---

[2]         Absent material revision after the date of an alleged offense, we cite a statute's current version.

review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Madsen has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Madsen has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : RT